## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Howard J. Blyler, Special Commissioner, and
Lloyd Allen Cogar III and Susie Wilson,
Individually and as heirs of the Estate of Lloyd Allen
Cogar Jr., Plaintiffs Below, Petitioners**

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 14-0760 (Kanawha County 13-C-2175)**

**Mark A. Matkovich, West Virginia State Tax Commissioner,
Defendant Below, Respondent**

**and**

**Howard J. Blyler, Special Commissioner,
Plaintiff Below, Petitioner**

**vs.)  No. 14-1335 (Kanawha County 13-C-2175)**

**City National Bank, a State Banking Institution,
Defendant Below, and Lloyd Allen Cogar III and
Susie Wilson, Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

In these consolidated cases, petitioners Howard J. Blyler ("Petitioner Blyler"), pro se, and Lloyd Allen Cogar III ("Petitioner Cogar III") and Susie Wilson ("Petitioner Wilson"), by counsel William A. McCourt Jr., appeal orders entered by the Circuit Court of Kanawha County on, respectively, July 7, 2014, dismissing the action against the Mark A. Matkovich, West Virginia Tax Commissioner ("Tax Commissioner"),[1] and November 26, 2013, granting summary judgment for City National Bank ("City National"). The Tax Commissioner, by counsel L. Wayne Williams, filed a response in support of the circuit court's dismissal order. City National, by counsel Ashley C. Pack and Arie M. Spitz, filed a response in support of the circuit court summary judgment order. Petitioner Blyler filed a reply. On appeal, petitioners argue that the circuit court erred in dismissing this action and/or granting summary judgment on the issue of the two-year statute of limitations.

This Court has considered the parties' briefs and the record on appeal in these consolidated cases. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of

---

[1]Pursuant to Rule 41 of the West Virginia Rules of Appellate Procedure, we substituted Commissioner Matkovich for the previous respondent in this matter, former Commissioner Griffith, as the correct party name herein.

1

review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sometime prior to 2005, Brenda Alderman ("Ms. Alderman") became the executrix of the estate of Lloyd Allen Cogar Jr. In that role, Ms. Alderman filed a civil action in the Circuit Court of Braxton County for the purpose of selling estate assets to pay the estate's outstanding debts. Petitioner Blyler appeared as legal counsel for Petitioner Cogar III and filed an answer on his behalf. The Circuit Court of Braxton County ultimately ordered the sale of the estate's real property.

Thereafter, in November of 2005, the Circuit Court of Braxton County appointed Petitioner Blyler and Ms. Alderman's then-attorney, William C. Martin, as "Special Commissioners of the Court" to conduct the sale of the estate's real property. That real property consisted of one parcel located in Braxton County, West Virginia, and one parcel located in Webster County, West Virginia. The circuit court ordered that the special commissioners post a bond in the amount of $50,000, which they subsequently posted.

In February of 2006, Petitioner Blyler and Mr. Martin, as special commissioners, sold the Braxton County parcel and opened a joint account with City National to deposit the proceeds from that sale.[2] To open that account, Mr. Martin used his Federal Employment Identification Number, but Petitioner Blyler used his personal social security number.

By order entered in April of 2006, the circuit court approved the sale of the Braxton County parcel. In that order, the circuit court specifically directed that the balance from the sale "be deposited by William C. Martin, in his trust account to be distributed upon further order of this Court[.]" That order provided that it was "prepared and approved by" Petitioner Blyler and Mr. Martin.

One year later, in April of 2007, Petitioner Blyler and Mr. Martin sold the Webster County parcel and deposited the proceeds from that sale in the City National account opened in February of 2006. Shortly thereafter, the circuit court approved the sale of the Webster County parcel. At that time, the circuit court also relieved Mr. Martin as a special commissioner in this case. In that order, the circuit court further specifically directed that the balance from the Webster County sale "be deposited by Howard J. Blyler, in his trust account to be distributed upon further order of this Court[.]" That order provided that it was "prepared and approved by" Petitioner Blyler. Mr. Martin's name was subsequently removed from the City National account.

In March of 2009, the West Virginia Tax Department ("Tax Department") issued a notice of tax levy on City National due to Petitioner Blyler's outstanding personal tax debt in the amount of $157,700.96. Thereafter, the Tax Department levied the City National account held in

---

[2]Petitioner Blyler claims that this account was originally opened as a "special commissioner" account, but that City National thereafter removed that designation from the account's title. Also, the exact amount of funds received for each parcel is unclear from the record on appeal.

2

Mr. Blyler's name in the amount of $96,851.[3] Petitioner Blyler admits that he knew of the levy soon after it occurred.

In October of 2013, Petitioner Blyler filed a civil action against the West Virginia Tax Commissioner and City National to recover the funds levied by the Tax Department from the City National account in 2009. He filed that action as special commissioner of the court and on behalf of the heirs of the estate of Lloyd Allen Cogar Jr., namely Petitioner Cogar III , Petitioner Wilson, and Ms. Alderman. The action requested injunctive relief and demanded relief from the defendants for breach of a fiduciary duty and conversion. While originally filed in the Circuit Court of Braxton County, the action was later transferred to the Circuit Court of Kanawha County as the proper venue to decide legal issues with respect to the Tax Commissioner.[4] In December of 2013, the circuit court granted a motion filed by the heirs of the estate of Lloyd Allen Cogar Jr. to release to them the $50,000 special commissioners' bond.

In June of 2014, the circuit court held a hearing on the Tax Commissioner's motion to dismiss.[5] In July of 2014, following litigation and discovery, the circuit court granted the Tax Commissioner's motion to dismiss the action. By that order, the circuit court ruled that petitioners were barred from successfully bringing suit in 2013 on the claim of conversion because the two-year statute of limitations applicable to that tort action had expired. Petitioners filed motions for reconsideration of judgment in late July of 2014, but the circuit court denied those motions. In November of 2014, the circuit court granted City National's motion for summary judgment also on the statute of limitations issue. This appeal followed.

We have held that

> "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, St*ate ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syllabus point 1, *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W.Va. 221, 488 S.E.2d 901 (1997).

Syl. Pt. 1, *Bowers v. Wurzburg*, 205 W.Va. 450, 519 S.E.2d 148 (1999). With regard to summary judgment, we have explained that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.*Y., 148 W.Va. 160, 133 S.E.2d 770 (1963). "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

---

[3]There is no indication in the limited record on appeal that Petitioner Blyler knew of the tax levy at the time it occurred or before or that he intentionally misappropriated funds.

[4]*See* West Virginia Code § 14-2-2 (providing venue requirements for certain suits and actions brought against the State of West Virginia or certain State officers).

[5]No transcript of this hearing is included in the limited record on appeal.

Contrary to Petitioner Blyler's argument that the City National account belonged to the State of West Virginia due to his role as a court-ordered special commissioner, the account was held in his name and with his personal social security number. Moreover, the court orders directing the deposit of those funds clearly provided that the funds were to be deposited in lawyer trust accounts, which did not occur. Petitioner Blyler failed to follow the court's directive on the deposit of those funds, and, therefore, that order provides no safeguard under the facts presented here. Based on the circumstances in this case, we cannot find that Petitioner Blyler's role as a special commissioner or the circuit court's orders directing sale and deposit of those funds permit him and the heirs of the Cogar estate to file civil actions on behalf of the State or the judicial branch. Notably, even if we agreed with Petitioner Blyler's argument, "[e]very statute of limitation, unless otherwise expressly provided, shall apply to the State." West Virginia Code § 55-2-19. Our relevant case law on the applicability of statutes of limitations to the State supports the plain language of that statute. See *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W.Va. 221, 488 S.E.2d 901 (1997). Thus, assuming West Virginia Code § 55-2-19 applied to the instant case, that statute would not permit this civil action to forever avoid statutes of limitation.

Further, if we found that Petitioner Blyler is correct that his written agreements with City National provided for a five-year statute of limitation on this action, it appears that those documents were executed in 2006 and, arguably, 2007. This action was filed in 2013—more than five years after the apparent execution of those documents. It is unclear how the extended five-year statute of limitations under Petitioner Blyler's alternative argument would have changed the outcome of the proceedings below.

In this case, it is clear from the record on appeal that Petitioner Blyler's civil action filed to recover money for the Cogar estate alleged only breach of a fiduciary duty and conversion. Our law is also clear that the torts of conversion and breach of fiduciary duty are governed by the two-year statute of limitation in West Virginia Code § 55-2-12.[6] *See Cart v. Marcum*, 188 W.Va. 241, 243, 423 S.E.2d 644, 646 (1992) (stating that "[t]he statute of limitation for this type of tort [conversion] is two years."), *overruled in part on other grounds by Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). Given the undisputed timing of the events at issue herein and the failure of Petitioner Blyler to demonstrate any exception to the two-year statute of limitations, we find no error in the circuit court's application of the two-year statute of limitations to resolve this case. Therefore, under the specific circumstances of this case, we find no merit to Petitioner Blyler's assignments of error.

---

[6]West Virginia Code § 55-2-12 provides as follows:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

4

As to Petitioners Cogar III and Wilson, they argue that they only discovered their actionable claim in 2012—one year before this action's filing. Therefore, they assert that the circuit court erred in failing to apply the discovery rule to toll the running of the two-year statute of limitations until 2012. This Court has held that

> "[i]n tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn*, 225 W.Va. at 46, 689 S.E.2d at 258. In Syllabus Point 2 of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992) we stated that "[t]he 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application." However, we have explained that "[o]nce the defendant shows that the plaintiff has not filed his or her complaint within the applicable statute of limitations, the plaintiff has the burden of showing an exception to the statute." *Worley v. Beckley Mech., Inc.*, 220 W.Va. 633, 638 n. 7, 648 S.E.2d 620, 625 n. 7 (2007) (citing Syl. Pt. 3, *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), *overruled on other grounds by Dunn*, 225 W.Va. at 51-52, 689 S.E.2d at 263-64).

Under the facts of this case, Petitioners Cogar III and Wilson failed to provide the circuit court with any evidence in support of their claim that they learned of the missing funds in 2012. The circuit court determined that, without an affidavit or other such evidence to support their claims, their argument fails under the test set forth in *Dunn v. Rockwell* and *Gaither v. City Hosp., Inc.* Given a lack of evidentiary support before the circuit court in this matter, we find no error in the circuit court's conclusion that the discovery rule is inapplicable in this case.

Moreover, had proper evidence been placed before the circuit court at the correct time, Petitioners Cogar III and Wilson would likely not have survived the scrutiny of the discovery rule under the facts of this case. It appears from the record on appeal that through the exercise of reasonable diligence, they could have known that those funds were taken and how that occurred. Petitioner Blyler has demonstrated great honesty in this matter and had Petitioners Cogar III and Wilson called upon him to inquire of the funds, it is reasonable to assume they would have known at that time.

For the foregoing reasons, we find no error in the circuit court's orders entered respectively on July 7, 2014, and November 26, 2013, and they are hereby affirmed.

Affirmed.

**ISSUED:  November 23, 2015**

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis

6